UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NATHANIAL H. CROWELL,

                Plaintiff,

-v-                                        No. 08 Civ. 8019 (LTS)(DF)

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING THE MATTER TO THE COMMISSIONER

        Plaintiff Nathanial H. Crowell ("Plaintiff") brought this action, pursuant to the Social Security Act, 42 U.S.C. § 301 et seq. (the "Act"), seeking review of the final determination of the Defendant Michael J. Astrue, the Commissioner of Social Security ("Defendant" or "Commissioner"), that Plaintiff was no longer disabled and, thus, no longer entitled to Social Security Disability Insurance ("SSDI") benefits as of January 1, 2004. The parties have cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

        On July 23, 2010, Magistrate Judge Debra Freeman issued a Report and Recommendation ("Report") recommending that the Court remand this matter for further administrative proceedings. Judge Freeman concluded that substantial evidence in the administrative record ("Record") supported the determination of the Administrative Law Judge ("ALJ") that, prior to his January 12, 2006, administrative hearing, Plaintiff had medically improved to the point that he could perform "sedentary . . . work as [a] secretary." (Record 24,

¶ 8.) Judge Freeman also concluded, however, that the ALJ did not adequately support the finding that such improvement had occurred as of the particular date of January 1, 2004. Accordingly, the Report recommends that the Court remand this matter for further administrative proceedings with a direction to the ALJ (1) "to explain the basis for her decision that Plaintiff's period of disability closed as of January 1, 2004, or (2) "in the alternative, to modify her decision to revise the closing date of Plaintiff's period of disability, so as to accord with the substantial evidence of medical improvement contained in the record," and (3) "[t]o explain, in accordance with 20 C.F.R. § 404.1594(f), how Plaintiff's medical improvement related to his ability to work, as of the specific date when he is found to be no longer disabled." (Report 33.)

Both parties have filed objections to the Report. The Commissioner asserts that the ALJ "relied on ample evidence of record to support her determination that plaintiff's period of disability ceased by January 1, 2004" (Def.'s Obj. 4), and that, therefore, the matter should not be remanded. Plaintiff objects to the Report's conclusion that substantial evidence supports the ALJ's finding that Plaintiff could return to sedentary work as a secretary at some point prior to his 2006 administrative hearing, arguing that: (1) the ALJ failed to apply the eight-part, medical improvement review process found in 20 C.F.R. § 404.1594; (2) the ALJ relied on a finding that Plaintiff had returned to substantial gainful employment by 2005 – a finding that was overturned by the Social Security Administration Appeals Council; (3) the ALJ mischaracterized Plaintiff's hearing testimony; (4) the ALJ mischaracterized or ignored important medical evidence; and (5) the Report relied improperly on the assessment of a lay disability analyst, as the ALJ did not expressly rely on that assessment and the analyst's conclusions do not constitute medical evidence.

The Court has reviewed thoroughly the parties' submissions and, for the

following reasons, adopts in part and modifies in part the Report's recommended conclusions.

The Report contains a comprehensive summary of the record below and familiarity with that summary is assumed.

## DISCUSSION

When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Further, "a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As explained below, the Court has reviewed de novo the pertinent aspects of the Report.

A "district court's review of the Commissioner's decision regarding disability is limited to a determination of whether the decision is supported by 'substantial evidence' in the record as a whole." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002) (citing Mathews v. Eldridge, 424 U.S. 319, 339 n.2 (1976)). "'Substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Veino, 312 F.3d at 586

(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, in a medical improvement case in which a claimant has been granted SSDI benefits for a closed period, the Commissioner must compare the severity of claimant's impairment at the onset of disability with the severity of claimant's impairment at the purported end-date of disability, i.e., the point at which the claimant medically improved and could return to work. Chavis, 2010 WL 624039, at *4.

Federal regulations provide an eight-part evaluation process for determining whether a claimant has medically improved and is no longer entitled to benefits. 20 C.F.R. § 404.1594(f). Relevant to the objections currently before the Court are parts three, four, and seven of that process. Part three asks whether the claimant has experienced medical improvement. Id. at (f)(3). Medical improvement is defined as:

> [A]ny decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s).

Id. at (b)(1). Part four of the eight-part evaluation asks whether such medical improvement is related to the claimant's ability to work. Id. at (f)(4). Medical improvement is not related to the ability to work unless the claimant experiences an "increase in [his] functional capacity to do basic work activities." Id. at (b)(2).

> Basic work activities means the abilities and aptitudes necessary to do most jobs. Included are exertional abilities such as walking, standing, pushing, pulling, reaching and carrying, and nonexertional abilities and aptitudes such as seeing, hearing, speaking, remembering, using judgment, dealing with changes and dealing with both supervisors and fellow workers.

Id. at (b)(4). If a claimant is found, under parts three and four, to have a severe impairment

related to his ability to work, part seven asks whether the claimant has the "residual functional capacity" ("RFC") to do work he has done in the past. Id. at (f)(7). "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999). "Sedentary work is defined as work that involves lifting up to ten pounds at a time and occasionally lifting and carrying light objects. . . . Sedentary work also generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (citations omitted).

Commissioner's Objection

The Commissioner objects to the Report's recommended finding that the Record "appears to lack substantial evidence that Plaintiff's disability ended as of the particular date of January 1, 2004." (Report 32.) The Court reviews this aspect of the Report de novo.

In selecting January 1, 2004, as the closing date of Plaintiff's period of disability, the ALJ relied in part on a determination that Plaintiff's 2005 work constituted substantial gainful activity:

> The improvement in the claimant's condition is evidenced by improved blood tests and the fact that he did return to exertionally light substantial gainful activity in 2005 . . . .
>
> The medical evidence establishes that the Plaintiff's condition improved. By 2004 his fatigue had lessen[ed]. As previously indicated considering the entire record, including the testimony of the claimant, the Administrative Law Judge finds that as of January 1, 2004, the claimant retained the residual functional capacity to perform the exertional demands of sedentary work . . . .

(Record 22.) The ALJ's finding of substantial gainful employment was overturned by the Appeals Council and is for that reason alone insufficient to constitute substantial evidence in support of the January 1, 2004, closing date. Furthermore, the employment, which began in 2005, is not clearly relevant to Plaintiff's RFC in early 2004. The evidence of improved blood test results is also insufficient to support the disability end-date selected by the ALJ. Although Plaintiff's test results did improve soon after he began treatment for his HIV, the ALJ did not identify an evidentiary link between these initial laboratory indicators and a corresponding improvement in Plaintiff's functional capacity to work, much less any basis for concluding that the blood test improvements demonstrated that Plaintiff's RFC had improved sufficiently as of January 1, 2004, that he could return to secretarial work on a regular and continuing basis.

    The ALJ's decision cited to other evidence of increased RFC, but this evidence suggests a disability end-date sometime after January 1, 2004. For example, Plaintiff testified that he could walk one mile, stand for two hours, sit for prolonged periods and could perform other exertional activities, but this testimony was given on January 12, 2006 – more than two years after the disability end-date determined by the ALJ. The first and only medical opinion that Plaintiff could perform light to moderate work was rendered in October 2004. In sum, while the Record contains evidence that might support a finding of RFC sufficient for Plaintiff to have returned to work sometime prior to his January 2006 administrative hearing, the ALJ's analysis is not supported by evidence sufficient to support the disability end-date of January 1, 2004. Accordingly, the Court will adopt the Report's recommendation to remand this matter for further proceedings.

    The Court agrees with the Report's recommended determination that substantial evidence does not support the ALJ's selection of January 1, 2004, as the date by which Plaintiff

had the RFC to return sedentary work (part seven of the eight-part evaluation). However, the Court also finds that the ALJ's choice of end-date is unsupported by substantial evidence at step four, as to whether Plaintiff's medical improvement was related to his ability to work. As of January 1, 2004, Plaintiff's medical improvement was evidenced by blood tests that indicated that Plaintiff's viral load had decreased and his CD4, hematocrit and hemoglobin levels had risen from very low levels to just below or just within normal range. However, the ALJ's decision did not cite, and this Court has not found, evidence linking the improvement in these initial laboratory indicators with a demonstrable increase in Plaintiff's functional capacity to do basic work activities. To establish that link, the ALJ's decision and the Report both rely on evidence of an increase in functional capacity that occurred after January 1, 2004. Therefore, the Court will not adopt this aspect of the Report, and the Report's recommended instructions on remand will be modified accordingly.

Plaintiff's Objections

Plaintiff objects to the Report on the ground that the ALJ failed to apply the eight-part evaluation process when evaluating Plaintiff's claim. Plaintiff did not make this argument before the Magistrate Judge, so it is untimely. Further, the Court agrees with the Report's determination that, although "the ALJ did not explicitly follow the eight-step sequential 'medical improvement' evaluation procedure . . . , the ALJ's analysis contains enough information to enable this Court to determine whether she made the requisite findings." (Report 28 (citations omitted).)

Plaintiff also asserts that the Commissioner's final determination should be vacated because the ALJ based her decision, in part, on a finding that the Plaintiff was substantially gainfully employed as of 2005 – a finding that has been overturned by the Appeals

Council. This argument, too, was not raised before the Magistrate and is untimely. Were the Court to consider it, the argument would be unavailing. The Appeals Council determined that other evidence in the Record supports the conclusion that Plaintiff was capable of performing sedentary work (Record 10), and, thus, the decision appealed from does not rely on the characterization of Plaintiff's 2005 work as substantial gainful employment.

Plaintiff also challenges the Report's use and characterization of evidence with regard to its endorsement of the ALJ's finding that Plaintiff experienced medical improvement (step three) as of January 1, 2004. The Court reviews this aspect of the Report de novo.

Substantial evidence demonstrates that Plaintiff experienced medical improvement during the period from the onset of his disability to January 1, 2004. Plaintiff experienced improvement in his CD4 count (up from 156.52 u/L in November 2002 to 550 u/L in January 2003 (compare Record 316 with Record 102)); his viral load (down from 298,129 in December 2002 to less than 400 in June 2003 (compare Record 97 with Record 102)); his hematocrit level (up from 29.2% in December 2002 to 41.1% in October 2003 (Record 98)); and his hemoglobin level (up from 9.6% in December 2002 to 13.4% in October 2003 (Record 98)).

Although Plaintiff continued to suffer from multiple illnesses and complications in 2004 and 2005, including fatigue, Bell's Palsy, and a chronic ear infection, the persistence of these illnesses and complications is not inconsistent with a finding of medical improvement. Medical improvement is defined in the applicable regulations as "any decrease in the severity" of a claimant's impairments. 20 C.F.R. § 404.1594(b)(1) (emphasis added). The medical improvement standard does not require that a claimant experience a full or even substantial recovery. Accordingly, Plaintiff's objection that the Report does not address these persistent illnesses and complications is unavailing, as the Report addressed the Record sufficiently to

enable the Court to conclude that the ALJ's determination of medical improvement was supported by substantial evidence.

Plaintiff correctly notes that, contrary to an indication in the Report, his October 2003 hematocrit level was not "within normal levels." (Report 10.) A lab report tracking Plaintiff's hematocrit levels indicates that a "Normal Range" is 41.5% to 50.4% and that, in October 2003, Plaintiff's hematocrit level was 41.1%, slightly below normal range. (Record 98.) Accordingly, the Court will not adopt that particular aspect of the Report. The error, however, does not alter the fact that Plaintiff experienced some medical improvement, as his hematocrit levels were higher than they had been at the onset of his disability and, furthermore, evidence demonstrates medical improvement along multiple other measures. Accordingly, the Court will adopt the Report's recommended finding that Plaintiff experienced medical improvement as of January 1, 2004.

The remainder of Plaintiff's objections concern the Report's characterization, use or omission of certain evidence in reaching the conclusion that Plaintiff's medical improvement was related to his ability to work (step four) and that he had the RFC to return to secretarial work (step seven) as of January 1, 2004. The Court need not address these objections because it will remand this matter to the Commissioner with a direction to reevaluate and explain further the analysis as to steps four and seven of the evaluation process.

## CONCLUSION

For the foregoing reasons, the Court adopts in part and modifies in part Magistrate Judge Freeman's thorough and thoughtful Report. The Court does not adopt the statement on page ten of the Report that Plaintiff's hematocrit level was "within normal levels" as of October 2003 and does not adopt the Report's conclusion that substantial evidence supports

a relationship between Plaintiff's medical improvement as of January 1, 2004, and his functional capacity to do basic work activities. The Court hereby remands this matter, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further administrative proceedings. On remand, the ALJ is directed to reevaluate and explain further the conclusions with respect to steps four and seven of the analytical process, and:

1. To explain the basis of the decision that Plaintiff's period of disability closed as of January 1, 2004, including an explanation of how Plaintiff's medical improvement by that date was related to his ability to work; or

2. In the alternative, (a) to modify the decision as to the closing date of Plaintiff's period of disability; and (b) to explain, in accordance with 20 C.F.R. § 404.1594(f), how Plaintiff's medical improvement related to his ability to work as of the specific closing date.

The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
October 12, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge